UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM EARL RAYFORD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | NO. 3:06-CV-0978-B |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | (Death Penalty Case) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING FUNDING

On June 6, 2017, the Criminal District Court of Dallas County, Texas, set the execution of William Earl Rayford for January 30, 2018. On August 9, 2017, Rayford filed his motion for funds for expert services. Motion, doc. 100. The certificate of conference indicated that it is opposed. Mot. at 12. Respondent has filed her response in opposition to the motion. Response, doc. 101. Because Rayford has shown a reasonable need for the funding, the motion is granted.

### I.

### REQUEST

Rayford seeks this Court's approval for funds to hire an expert, Dr. Richard L. Fulbright, to perform a neuropsychological evaluation on Mr. Rayford in connection with subsequent state clemency proceedings under 18 U.S.C. § 3599(f). *See* Mot. 10-11 (citing *Brown v. Stephens,* 762 F.3d 454, 459-61 (5th Cir. 2014)). Rayford argues that the requested services are reasonably necessary to provide the Governor and Board of Pardons and Paroles the information they need in order to determine whether to exercise their discretion to extend grace to the petitioner in order to prevent

a miscarriage of justice. Specifically, Rayford asserts that the proposed funding and expert services would provide "material information beyond that already adduced." Mot. 10. Rayford acknowledges that a mental health evaluation was previously conducted by forensic psychologist Dr. Gilda Kessner prior to his capital murder trial, but questions the circumstances and thoroughness of that examination.

Respondent argues that the requested funding is not reasonably necessary because evidence of Rayford's neuropsychological functioning would be cumulative to mental-health evidence already presented during Rayford's trial and during his postconviction proceedings. Resp. 11-18. Further, Respondent argues that Rayford cannot demonstrate that funding is reasonably necessary in light of the brutal nature of his two murders. Resp. 18-19.

## II.

## LEGAL STANDARD

Appointed counsel has a duty to represent Rayford through "all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to" Rayford. 18 U.S.C. § 3599(e); *Harbison v. Bell,* 556 U.S. 180, 194 (2009) (holding that § 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation). This statute further provides:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g).

18 U.S.C. § 3599(f). After discussing the nature and purpose of clemency proceedings, the United States Court of Appeals for the Fifth Circuit provided guidance on whether district court's should grant funding for clemency investigations.

> Thus, when a petitioner requests funds for investigative services for the purpose of clemency proceedings, the petitioner must show that the requested services are reasonably necessary to provide the Governor and Board of Pardons and Paroles the information they need in order to determine whether to exercise their discretion to extend grace to the petitioner in order to prevent a miscarriage of justice.

*Brown,* 762 F.3d at 460. In construing this language, the United States Court of Appeals for the Sixth Circuit held that a district court abused its discretion in denying funding for a neuropsychological examination on the basis that the inmate had already had mental health examinations because the inmate "pointed to a history of events and behavior that can cause brain damage; he has provided an expert opinion that neuropsychological testing is warranted; and has explained why previous testing was inadequate and is now outdated." *Matthews v. White,* 807 F.3d 756, 763 (6th Cir. 2015).

## III.

## ANALYSIS

Although Rayford has not produced an opinion from Dr. Fulbright, he has attached an estimate and has adequately shown that his mental health is a matter that may be important to his clemency proceedings. Both parties discuss Rayford's expert mental health assistance that he obtained at the time of trial, but neither has produced recent mental health evaluations capable of showing his current condition or how it might impact his execution. *See, e.g., Saldano v. Davis,* No. 16-70025, 2017 WL 2814386, at *7 (5th Cir. June 28, 2017) (noting mental deterioration that occurred during incarceration on death row).

While the importance of Rayford's mental condition to his clemency application has been shown, there has been no showing that any neurological examination would duplicate any prior examination already in the record or otherwise available to him. Further, no evaluation has been identified that is capable of showing Rayford's current mental condition. Accordingly, the Court finds that a current examination is appropriate for the purpose of clemency proceedings and for any potential competency challenge that would not have been ripe before his execution was set.

## IV.

## CONCLUSION

Rayford's motion for expert funding is **GRANTED**. Dr. Richard L. Fulbright is authorized to perform expert mental health services for a neuropsychological evaluation of Mr. Rayford up to the amount of $7,500.

**IT IS SO ORDERED.**

**DATE: September 5, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE